BOEHCK CONSTRUCTION EQUIPMENT CORPORATION, Respondent, v. O'BRIEN and another, d/b/a RACINE EXCAVATING & SEWER CONTRACTORS PARTNERSHIP, Appellants.

*January 7—February 1, 1966.*

For the appellants there was a brief by *Konnak & Constantine* of Racine, and oral argument by *Charles M. Constantine*.

For the respondent there was a brief and oral argument by *Thomas J. Bergen* of Milwaukee.

WILKIE, J.   The major issue presented on this appeal is whether $4,000 is the reasonable value of the crawler within the meaning of sec. 122.221 (1), Stats.[1]   Although

---

[1] "122.221   DEFICIENCY JUDGMENTS.   (1)   No deficiency judgment after foreclosure shall be taken upon an obligation secured by a conditional sales contract, either on cognovit or otherwise, except in an action brought for that purpose with process served in the

this section has been on the books since 1943, this court has not yet had the opportunity to consider what is meant by "reasonable value." The trial court recognized three possibilities—the price bid at the sale, the wholesale price, and the retail sales value—and concluded that the reasonable value is "that value received from the sale at the time of the auction, unless upset by testimony."

The trial court's view of how reasonable value should be determined is sound. The court must start somewhere. The wholesale price and the retail sales price are not trustworthy indicators since they obviously reflect prices which, by definition, are either favorable to the original seller or buyer. Since the price received at the sale should theoretically be more neutral, particularly if bidding has been brisk, this figure should be used as a starting point.[2]

Thus, the next consideration is whether the appellants presented evidence demonstrating that the bid price of $4,000 was unreasonable. Relying on testimony of John Dykstra, who was also in the excavating business, that the machine was worth $5,000 to $6,000, and pointing out that the machine was bought on April 27th for $6,000, that it had been used for a total of only thirty hours be-

---

manner by law provided upon all the persons to be charged with such deficiency judgment. In such action the court *shall find the reasonable value* of the chattels sold at the time of sale and the sum then due on such obligation, including all proper costs and charges, and upon such findings shall grant the deficiency or deny a deficiency if none appears due." (Emphasis added.) This section has since been repealed by the Uniform Commercial Code.

[2] New York, while it had the Uniform Sales Act, accomplished this by specific legislation. Sec. 80-b (1), McKinney's Consolidated Laws of New York Anno., Book 40, part 2, provides: "(1) the buyer may have the reasonable value of the goods at the time of resale determined in any action or proceeding brought by the seller to recover the deficiency, *the resale price being prima facie but not conclusive evidence of such reasonable value,* and the said reasonable value as determined, or the resale price, whichever shall be higher, shall be credited to the buyer on account of his indebtedness; . . ." (Emphasis added.)

fore repossession on June 12th, and that it had been properly maintained, appellants contend that the foreclosure sale price of $4,000 on July 7th, some eighty days after the actual delivery on April 18th, is patently unreasonable. However, the test is whether the trial court's finding is against the great weight and clear preponderance of the evidence.[3]

The respondent's evidence countered that of appellants:

First, there was testimony by Thomas Pares, vice-president of respondent, and Harrison Duffy, one of respondent's salesmen, that the crawler was worth $4,000.

Second, there was testimony to the effect that the value of excavation equipment in any given July would be less than in the spring when the demand for such machines is the greatest.

Third, there was testimony that the addition of a backhoe attachment, at appellants' request, operated to make the machine a very specialized piece of equipment for which there was no ready market. This was further borne out by the fact that the crawler had not been resold by January 25, 1965, the date of trial.

We conclude that the trial court's finding was not against the great weight and clear preponderance of the evidence. In any event, it is difficult to give appellants the benefit of any doubt in regard to the value question for the reason that they failed to appear at the sale to protect their interests despite the fact that they received notice over and above that required by law. Having chosen to lie in the weeds at that time they are not in the best position to now complain.

Also claimed as error is the refusal of the trial court to allow appellant Michael Glaub to testify as an expert on the value question. In view of Glaub's untimely ad-

---

[3] *Huber Glass Co. v. First Nat. Bank,* ante, p. 106, 138 N. W. (2d) 157; *Philipp Lithographing Co. v. Babich* (1965), 27 Wis. (2d) 645, 135 N. W. (2d) 343.

mission that "I wouldn't say I was an expert on . . . [these machines]" while his counsel was attempting to lay a proper foundation for his expertise, the trial court did not err in barring his testimony.

*By the Court.*—Judgment affirmed.